IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:21-cv-06137-CV-DGK |
| TRAVIS WHEELER, et al., | ) ) | |
| Defendants. | ) | |

**<u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS</u>**

This interpleader action arises from a vehicle collision on Interstate 29 in Northwest Missouri. Plaintiffs United Specialty Insurance Company and Series 1 of Oxford Insurance Company NC LLC have filed this case to distribute the alleged $1,000,000 policy limits for all claims related to this accident. Plaintiffs seek distribution among Defendants Travis Wheeler, Grant Evans, Robert Cosgrove, Wyatt Henderson, Jeffrey Lucero, Mike Kenway, Timothy Rasta, Khamidjon Murodov, Sultan Trans, Inc. ("Sultan"), T Built Products, and American Family Insurance.

The Court previously granted in part and denied in part Defendants' motion to dismiss the Third Amended Complaint ("TAC"). ECF No. 52. In that Order, the Court dismissed Plaintiffs' rule interpleader claim and ordered Defendants to file an amended motion to dismiss that more thoroughly addressed whether Plaintiffs' statutory interpleader claim should be dismissed on subject-matter jurisdiction and venue grounds. *Id.* at 1–2.

Now before the Court is Defendants' supplemental motion to dismiss for lack of subject-matter jurisdiction and improper venue. ECF No. 55. For the reasons discussed below, the Court GRANTS Defendants' motion on subject-matter grounds.

**Standard**

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a complaint if it lacks subject-matter jurisdiction to hear a dispute. Fed. R. Civ. P. 12(b)(1); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When jurisdiction is challenged under Rule 12(b)(1), district courts "may look outside the pleadings to determine the threshold question of jurisdiction." *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013).

Subject-matter jurisdiction under § 1335 requires Plaintiffs deposit the at-issue funds or property into the Court's registry. 28 U.S.C. § 1335(a)(2). To satisfy this requirement, the Eighth Circuit has made clear an interpleader plaintiff must "deposit the amount claimed by [the claimant-defendants] . . . or at the very least the largest amount for which it may be liable in view of the subject matter of the controversy." *Acuity v. Rex, LLC*, 929 F.3d 995, 1001 (8th Cir. 2019).

The party invoking federal jurisdiction bears the burden of establishing the amount in controversy. *E.g.*, *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (noting "as the proponent of federal jurisdiction, the removing party 'bears the burden of proving that the jurisdictional threshold is satisfied'"); *see also* 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, PRACTICE IN INTERPLEADER ACTIONS—IN GENERAL § 1714 (3d ed. 2010) ("The burden is on the party seeking interpleader to demonstrate that the requirements are satisfied."). When the amount in controversy is challenged, "the plaintiff must establish jurisdiction by a preponderance of the evidence." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (citations omitted). And, for purposes of the amount in controversy, "statutory attorney fees

2

count toward the jurisdictional minimum." *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005).

## **Discussion**

By invoking the Court's jurisdiction under § 1335, it is Plaintiffs burden to establish the largest amount for which it may be liable. The Court previously challenged the amount of at-issue funds noting, Plaintiffs' "additional allegations and requests for relief beg[s] the obvious question[] under *Acuity*. . . . what is the largest amount for which Plaintiffs may be liable in view of the subject matter of the controversy?" *See* Order at 11–12, ECF No. 52.

Plaintiffs argue the $1,000,000 policy limit is the applicable amount of at-issue funds, and therefore, § 1335(a)(2)'s jurisdictional requirement is satisfied. Defendants counter that subject-matter jurisdiction is lacking because Plaintiffs have not deposited the largest amount for which it may be liable. Specifically, Defendants argue (1) they are entitled to costs and interest under the supplemental payment provision of the insurance policy, and (2) Plaintiffs' insureds—Sultan and Murodov—may be entitled to statutory attorney's fees arising from Plaintiffs' federal declaratory judgment action in the Northern District of Indiana. *See* Suppl. Suggestions in Supp. at 3–4, ECF No. 55 (citing IND. CODE ANN. § 34-52-1-1 (2023) for the availability of attorney's fees).

Plaintiffs fall short of carrying their burden. Plaintiffs acknowledge there could be at-issue funds beyond the policy limits but fail to estimate what the upper limit of liability could be.[1] *See* Suggestions in Opp'n at 3, ECF No. 58 ("Supplemental Payment amounts are not included in the Limit of Insurance . . . [and] such amounts could potentially ultimately be owed"). Instead,

---

[1] For example, in determining the amount of attorney's fees at issue in Plaintiffs' federal declaratory judgment action in the Northern District of Indiana, Plaintiffs could have requested limited discovery to determine the amount of fees accrued at the time they filed their TAC. *See GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 387 F. Supp. 2d 992, 996 (N.D. Iowa 2005) (considering only the "attorney fees and interest accrued at the time the lawsuit was filed" as part of the jurisdictional amount).

3

Plaintiffs assert that "if the Court believes there needs to be additional amounts . . . Plaintiffs request a finding of that amount" from the Court. *See id.* at 4. It is not the Court's responsibility to prove up Plaintiffs' interpleader claim, especially where Plaintiffs have conceded the amount of at-issue funds could exceed the amount they seek to deposit into the Court's registry. On these facts, Plaintiffs have not "establish[ed] jurisdiction by a preponderance of the evidence." *Scottsdale Ins. Co.*, 620 F.3d at 931; *see also Jones v. Blum,* 391 F. App'x 573 (8th Cir. 2010) (per curiam) (affirming dismissal for lack of subject-matter jurisdiction when the plaintiff "failed to satisfy his burden of proving that the amount in controversy exceeded $75,000, after the court challenged the validity of the amount alleged").

In addition, Plaintiffs rely on Mo. Rev. Stat. § 507.060 (2023) in alleging the amount of at-issue funds is simply $1,000,000. *See* Suggestions in Opp'n at 2–3 (arguing § 507.060 determines "the 'amount in controversy' for this impleader action"). Plaintiffs seek an order from this Court stating that under § 507.060 they "shall not be liable to any insured, Defendant, or claimant for any amount in excess of the contractual limits of coverage." TAC ¶ 53, ECF No. 34. But Plaintiffs concede in the TAC that "other contractual coverage(s) may apply," *id.* ¶ 51, and double down on that concession in their opposition brief, *see* Suggestions in Opp'n at 3, ECF No. 58 (noting "such amounts could potentially ultimately be owed"). Plaintiffs' attempt to use § 507.060 to cap their liability necessarily indicates there is potential liability above the $1,000,000 policy limit. Nevertheless, Plaintiffs fail to estimate what the upper limit of liability could be.

Because Plaintiffs have not carried their burden in establishing "the largest amount for which it may be liable in view of the subject matter of the controversy," *Acuity*, 929 F.3d at 1001, the Court lacks subject-matter jurisdiction under § 1335(a)(2). Accordingly, the case must be dismissed.

4

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Date:  October 4, 2023                     /s/ Greg Kays
                                           GREG KAYS, JUDGE
                                           UNITED STATES DISTRICT COURT